**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL DOUGLAS and LISA DOUGLAS, as individuals and as Trustees of the Douglas Family Trust, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> TOWN OF PORTOLA VALLEY, a public entity; et al., <br><br> Defendants - Appellees. | No. 10-17804 <br><br> D.C. No. 3:09-cv-04788-CRB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted February 15, 2012[**]
San Francisco, California

Before: ALARCÓN and SILVERMAN, Circuit Judges, and GARBIS, Senior
District Judge.[***]

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

Michael and Lisa Douglas appeal the district court's dismissal of their civil rights claims arising out of a conditional use permit issued by the Town of Portola Valley in 2001. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The district court did not err when it held that plaintiffs' 2009 federal civil rights claims challenging condition 11 of the use permit and the costs to connect to the sewer system were barred by the statute of limitations. Plaintiffs' claims accrued in 2001, when the town granted the conditional use permit and imposed condition 11, not when the town exercised the condition or when the sanitary district assessed connection costs. *Daniel v. County of Santa Barbara*, 288 F.3d 375, 383 (9th Cir. 2002); *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058-61 (9th Cir. 2002).

The district court correctly held that events occurring from 2006 to 2009 did not toll the limitations period under *Azer v. Connell*, 306 F.3d 930 (9th Cir. 2002). The statute of limitations expired before 2006, and plaintiffs did not establish that their 2006 objection to the cost of connection was equivalent to a suit or gave the defendants notice of the equal protection or due process claims asserted in 2009.

The district court did not improperly resolve factual questions by rejecting plaintiffs' conclusory allegations that the sewer was private or that condition 11 did not require connection. The district court was not required to consider conclusory allegations to be true when those allegations were contradicted by the

documents referenced in the first amended complaint. *Colony Cove Prop., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir.), *cert. denied*, 132 S. Ct. 456 (2011).

Finally, the district court correctly held that the town's exercise of condition 11 was not an intervening condition that constituted changed circumstances because the plain language of condition 11 required connection to a sewer within a year of when one became available.

AFFIRMED.